IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD D. and DANIELA ECKERLE,<br><br>   Plaintiffs,<br><br>   vs.<br><br>DEUTSCHE BANK NATIONAL TRUST, as TRUSTEE FOR SECURITIZATION CORP. HIS ASSET and AMERICAN HOME MORTGAGE SERVICING, INC.<br><br>   Defendants.<br>_____ | Civ. No. 10-00474 SOM-BMK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO REMAND BE DENIED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO
<u>REMAND BE DENIED</u>

Before the Court is Plaintiffs Richard D. and Daniela Eckerle's ("Plaintiffs") Motion to Remand Under 28 U.S.C. § 1443. (Doc. #5.) After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that Plaintiffs' motion be DENIED.[1] Specifically, the Court FINDS that Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is not a citizen of Hawaii for diversity jurisdiction purposes under 28 U.S.C. § 1441. Therefore, there is complete

---

[1] Pursuant to Local Rule 7.2(d), the Court elects to decide this matter without a hearing.

diversity of citizenship and the Court RECOMMENDS that Plaintiffs' motion for remand be DENIED.

## BACKGROUND

On December 17, 2009, Plaintiffs filed an action against Deutsche Bank National Trust as Trustee for Securitization Corp., HSI Asset ("DBNT") and AHMSI in the Third Circuit Court of the State of Hawaii ("state court"). On August 16, 2010, Defendants removed this case to federal court on the basis of diversity of citizenship jurisdiction. (Doc. #1.) In the notice of removal, Defendants allege that DBNT is a national banking association with its principal place of business in California, and that AHMSI is a foreign profit corporation incorporated in Delaware and has its principal place of business in Texas. (Notice of Removal ¶¶ 10, 11.) Defendants also note that Plaintiffs are citizens of Hawaii. (Id. ¶ 9.) Plaintiffs now contest that diversity and move to remand.

## RELEVANT LAW

Under 28 U.S.C. § 1441(a), when a civil action over which a federal district court has original subject matter jurisdiction is filed in a state court, the defendants may remove it to the federal district court. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete

diversity of citizenship. 28 U.S.C. § 1332(a). Complete diversity of citizenship requires that each properly joined defendant be a citizen of a different state than each of the plaintiffs. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

For diversity of citizenship purposes, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010). In practice, it is normally "the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id. at 1193.

"The burden of persuasion for establishing diversity jurisdiction [rests] on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Id. at 1195. Where removal is not proper, the case must be remanded to state court. See 28

U.S.C. § 1447(c). The removal statue is strictly construed in favor of remand and there is a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

Plaintiffs move to remand the action to state court on the ground that there is no complete diversity of citizenship. It is undisputed that Plaintiffs are citizens of Hawaii. (Am. Compl. ¶ 1; Pls. Decl. ¶ 2.) Thus, for there to be complete diversity of citizenship, AHMSI must not be incorporated in Hawaii and must not have its principal place of business in Hawaii.

The Court concludes that Defendants have met their burden of establishing that removal is proper. First, AHMSI is incorporated in Delaware. (Daniel Decl. ¶ 3.) Second, AHMSI has its principal place of business in the City of Coppell, County of Dallas, Texas. (Id. ¶ 4.) This is AHMSI's "principal executive office for the transaction of business." (Id.) Plaintiffs argue that complete diversity of citizenship is lacking because AHMSI is a registered business in Hawaii and has a registered agent in Honolulu. (Mot. at 1-2.) However, just because a corporation is registered to do business in a certain state does not make that state its "principal place of business." The Court therefore FINDS that AHMSI is a citizen of Delaware and Texas, not Hawaii. Accordingly,

there is complete diversity of citizenship between the parties, and the Court RECOMMENDS that Plaintiffs' motion for remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 17, 2010

Eckerle v. Deutsche Bank Nat'l Trust; Civ. No. 10-00474 SOM-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR REMAND BE DENIED.