IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD D. and DANIELA ECKERLE, | CIVIL NO. 10-00474 SOM/BMK |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST, trustee for Securitization Corp. HSE Asset; AMERICAN HOME MORTGAGE SERVICES, INC., | |
| Defendants. | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

This removed action arises out of a 2005 mortgage loan transaction and a 2009 nonjudicial foreclosure of mortgaged property.  Plaintiffs Richard and Daniela Eckerle assert that Defendants, the lender and servicer of the loan, breached an alleged loan modification agreement by foreclosing on the property.  Plaintiffs also assert claims of unjust enrichment, fraud in the inducement, bank fraud, and negligent misrepresentation.[1]  Plaintiffs seek injunctive relief and compensatory and punitive damages.

On August 16, 2011, Defendants moved for summary judgment, arguing that there was no loan modification agreement.

---

[1] Plaintiffs claim to have acted in good faith.  It is not clear whether this allegation is intended to state a claim against Defendants for breach of the implied covenant of good faith and fair dealing.

Because Plaintiffs fail to raise a genuine issue of material fact as to the existence of a loan modification agreement, summary judgment is granted in favor of Defendants on the claim of breach of loan modification agreement.  Furthermore, as Defendants conceded at the hearing on the summary judgment motion that the other claims relate to the alleged loan modification agreement, summary judgment is also granted on those other claims.[2]

II.     BACKGROUND.

This action arises from a mortgage loan transaction. On or about October 24, 2005, Daniela Eckerle executed an adjustable rate note of $780,000 in favor of Option One Mortgage Corporation.  See ECF No. 40-3.  This note was secured by a mortgage executed by Richard and Daniela Eckerle that was filed in the State of Hawaii Bureau of Conveyances on November 1, 2005, as Document No. 2005-222195.  See ECF No. 40-4.

---

[2] At the hearing, Plaintiffs' counsel also noted that in other cases foreclosures had been instituted by entities who were not holders of the notes and/or mortgages in issue.  As Plaintiffs neither assert a claim in the Amended Complaint based on such a circumstance nor present evidence that this problem affects the present case, this court does not address this matter here. Similarly, the court does not address the argument raised by Plaintiffs' counsel at the hearing that Sally Walker might not be truthful in attesting in her declaration that the promissory note is a business record held by Defendant American Home Mortgage Servicing, Inc., and that a true and accurate copy of the note is attached to the moving papers.  As Plaintiffs' counsel offered no evidence or other factual support indicating that the declaration is untrue, the court would have to rely on pure speculation if it even considered this assertion.

Sally Walker, the assistant vice president of American Home Mortgage Servicing, Inc. ("AHMSI"), says that AHMSI serviced the Eckerles' loan.  See Declaration of Sally Walker ¶ 5, ECF No. 40-2.  According to a May 6, 2009, letter from AHMSI to Daniela Eckerle, as no payment had been made on the loan since June 2008, the note and mortgage were in default.  See ECF No. 40-6; Walker Decl. ¶ 7 (indicating that Daniela Eckerle had failed to make loan payments since June 2008 and that the note and mortgage were therefore in default).

In July 2009, Sand Canyon Corporation, formerly known as Option One Mortgage Corporation, assigned the note and mortgage to Deutsche Bank National Trust Company, trustee for HSI Asset Securitization Corporation 2006-OPT3 Mortgage Pass-Through Certificates, Series 2006-OPT3.  This assignment was filed in the State of Hawaii Bureau of Conveyances on July 28, 2009, as Document No. 2009-114836.  See ECF No. 40-5.

On September 16, 2009, Deutsche Bank filed a Notice of Mortgagee's Foreclosure Under Power of Sale in the State of Hawaii Bureau of Conveyances as Document No. 2009-141684.  See ECF No. 40-7.  It appears that, at the subsequent nonjudicial foreclosure sale, Deutsche Bank purchased the property.  See Mortgagee's Quitclaim Deed, ECF No. 40-8, filed in the State of Hawaii Bureau of Conveyances on November 30, 2009, as Document No. 2009-181794.

On December 17, 2009, Richard and Daniela Eckerle, proceeding pro se, filed a complaint in state court. This complaint was amended on August 3, 2010, and was removed to this court on August 16, 2010. See ECF No. 1.

In relevant part, the Amended Complaint asserts that Defendants breached a loan modification agreement by foreclosing on the mortgaged property. Richard Eckerle says that he "believe[s] that there was a loan modification agreement," but fails to describe the terms of the agreement. See Affidavit of Richard D. Eckerle ¶ 4, Sept. 26, 2011, ECF No. 45-1. Richard Eckerle, represented at the time by present counsel, testified in his deposition that his belief that there was a loan modification agreement was based on the exhibits attached to the Complaint. He further testified that the only written evidence of the purported loan modification agreement were those attachments. See Deposition of Richard Douglas Eckerle at 116, June 28, 2011, ECF No. 40-9. Later in the deposition he said that, besides those attachments, he was relying on oral agreements and other documents that he had been unable to locate. Id. at 262.

The first four documents attached to the Complaint and Amended Complaint are identical. Those documents are 1) a November 30, 2009, letter indicating that insurance for the property has been cancelled (Exhibit 1); 2) a September 8, 2009, letter informing Richard Eckerle about possible alternatives to

foreclosure (Exhibit 2); 3) an October 19, 2009, letter to Daniela Eckerle with the title "ARM CHANGE NOTIFICATION"; and 4) a June 19, 2009, letter to Daniela Eckerle that notes that her loan has been placed in foreclosure and that discusses possible alternatives to the foreclosure process.  The Amended Complaint, which was the pleading in effect at the time of Richard Eckerle's deposition, also attaches: 5) a December 1, 2009, check for $6,148.74; and 6) a 2009 Form 1099-A.

In moving for summary judgment, Defendants examine the evidence Plaintiffs rely on in asserting that there was a loan modification agreement and contend that none of the evidence supports a claim that there was an enforceable loan modification agreement.  While Plaintiffs' counsel has filed an opposition memorandum, it includes no persuasive evidence to the contrary.

III.    STANDARD.

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment."  Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006).  Summary

judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See Celotex, 477 U.S. at 323.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987.  "A fact is material if it could affect the outcome of the suit under the governing substantive law."  Miller, 454 F.3d at 987.

     When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything."  In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.  Nissan Fire, 210 F.3d at 1102-03.  On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial."  Miller, 454 F.3d at 987.  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to

the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

IV.     ANALYSIS.

Defendants move for summary judgment on the Amended Complaint, claiming that there is no loan modification agreement that it could be sued for having breached. See ECF No. 39. Because Plaintiffs have submitted no admissible evidence raising a genuine issue of fact as to the existence of a loan modification agreement, summary judgment is granted to Defendants

with respect to the claim of breach of the loan modification agreement.  As the other claims have as their underlying premise the same purported loan modification agreement, summary judgment is also granted with respect to those other claims.

At most, Plaintiffs submit Richard Eckerle's affidavit stating that he "believes" that there was a loan modification agreement.  Richard Eckerle testified that his "belief" as to the existence of the agreement was based on oral statements, the exhibits attached to the Amended Complaint, and unidentified documents that he could not locate.

The court first disregards the alleged oral statements, as Hawaii's statute of frauds, section 656-1 of the Hawaii Revised Statutes, like the statutes of frauds in most jurisdictions, requires agreements concerning real estate to be in writing.  It states, "No action shall be brought and maintained in any of the following cases: . . . [u]pon any contract for the sale of lands, tenements, or hereditaments, or of any interest in or concerning them . . . ."  Haw. Rev. Stat. § 656-1(4).

Turning then to the attachments to Plaintiffs' pleadings, the court finds nothing evidencing any agreement.  The documents are either unrelated to any loan modification, or state only that a loan modification may be a possible alternative to foreclosure.  Thus, for example, the "Important Notice Regarding

Alternatives to Foreclosure" states that "you may be eligible for certain programs that could be used to avoid a foreclosure sale and possibly bring your mortgage loan current as well."  The notice invites the borrowers to call AHMSI and warns that "[t]he foreclosure action will continue" until AHMSI determines that the borrowers are eligible for one of the alternatives "and an agreement to utilize that alternative is signed and implemented."  Thus, the notice is clearly not itself a loan modification agreement.  Similarly, a letter dated June 19, 2009, lists "some of the possible solutions that we may be able to offer you that could potentially help you avoid a foreclosure sale and bring your loan current: . . . . It may be possible to modify your mortgage contract to incorporate all or a portion of your past-due amounts into the loan balance and possibly even reduce your monthly payment."  The letter warns that such a change to the mortgage "will require the prior obtaining of approval from the investor holding the loan."  Again, this is a document that speaks only of the possibility of an agreement without itself agreeing to anything.

      The court is unable to address unidentified documents that Richard Eckerle says he cannot locate.  Even if there were documents establishing that Defendants did make some kind of an agreement to modify the loan, the court would not allow a claim of breach of the agreement to proceed if the terms of the

agreement were not clear.  No factfinder could find a breach of any contract term if none of the terms themselves were certain. Plaintiffs produce no evidence as to a modification lowering the principal balance, the monthly payment amount, the term of the loan, the interest rate, or any other loan provision.  Instead, they appear to think that they may enforce an agreement whose specific terms they do not even allege.  No law supports this position.

Given the absence of evidence that an enforceable loan modification agreement even existed, the court grants summary judgment in favor of Defendants on the claim of breach of the loan modification agreement.

As Plaintiffs conceded at the hearing that their other claims are premised on the existence of a loan modification agreement, summary judgment is also granted on those claims. Plaintiffs' concession as to the factual basis of those claims makes it unnecessary for the court to examine the sufficiency of the pleadings or legal theories connected with those claims.

Notably, Plaintiffs' opposition memorandum does not oppose summary judgment on these claims, instead focusing on matters not asserted in the Amended Complaint--whether Plaintiffs' loan was improperly transferred by Option One, whether Defendants had legal authority to foreclose on the property, and whether Defendants have possession of the note and

...

mortgage.  However, neither the Opposition nor the arguments presented at the hearing give the court any factual or legal basis for denying summary judgment on any of these grounds. Richard Eckerle's affidavit, which lists these matters, is devoid of any detail going to these matters.  As this court has noted previously, because Plaintiffs are suing Defendants, Defendants need not establish chain of title or their status as holders of the note and mortgage before seeking summary judgment on Plaintiffs' affirmative claims against Defendants.  See Williams v. Rickard, Civ. No. 09-00535 SOM/KSC, slip op. at 12 (D. Haw. May 25, 2011).

V.      CONCLUSION.

Defendants' summary judgment motion is granted with respect to all claims against them.  The Clerk of Court is directed to enter judgment for Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 18, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Eckerle v. Deutsche Bank National Trust, Civ. No. 10-00474 SOM/BMK; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENt (ECF No. 39).