IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD D. and DANIELA ECKERLE, | ) ) | CIVIL NO. 10-00474 SOM/BMK |
| | ) | ORDER GRANTING DEFENDANTS' |
| Plaintiffs, | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST, | ) | |
| trustee for Securitization | ) | |
| Corp. HSE Asset; AMERICAN | ) | |
| HOME MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

        This removed action arises out of a 2005 mortgage loan
transaction and a 2009 nonjudicial foreclosure of mortgaged
property.  Plaintiffs Richard and Daniela Eckerle
assert that Defendants, the lender and servicer of the loan,
breached an alleged loan modification agreement by foreclosing on
the property.  Plaintiffs also assert claims of unjust
enrichment, fraud in the inducement, bank fraud, and negligent
misrepresentation.[1]  Plaintiffs seek injunctive relief and
compensatory and punitive damages.

        On August 16, 2011, Defendants moved for summary
judgment, arguing that there was no loan modification agreement.

_____

        [1] Plaintiffs claim to have acted in good faith.  It is not
clear whether this allegation is intended to state a claim
against Defendants for breach of the implied covenant of good
faith and fair dealing.

Because Plaintiffs fail to raise a genuine issue of material fact as to the existence of a loan modification agreement, summary judgment is granted in favor of Defendants on the claim of breach of loan modification agreement.  Furthermore, as Defendants conceded at the hearing on the summary judgment motion that the other claims relate to the alleged loan modification agreement, summary judgment is also granted on those other claims.[2]

II.     BACKGROUND.

This action arises from a mortgage loan transaction. On or about October 24, 2005, Daniela Eckerle executed an adjustable rate note of $780,000 in favor of Option One Mortgage Corporation.  See ECF No. 40-3.  This note was secured by a mortgage executed by Richard and Daniela Eckerle that was filed in the State of Hawaii Bureau of Conveyances on November 1, 2005, as Document No. 2005-222195.  See ECF No. 40-4.

---

[2] At the hearing, Plaintiffs' counsel also noted that in other cases foreclosures had been instituted by entities who were not holders of the notes and/or mortgages in issue.  As Plaintiffs neither assert a claim in the Amended Complaint based on such a circumstance nor present evidence that this problem affects the present case, this court does not address this matter here. Similarly, the court does not address the argument raised by Plaintiffs' counsel at the hearing that Sally Walker might not be truthful in attesting in her declaration that the promissory note is a business record held by Defendant American Home Mortgage Servicing, Inc., and that a true and accurate copy of the note is attached to the moving papers.  As Plaintiffs' counsel offered no evidence or other factual support indicating that the declaration is untrue, the court would have to rely on pure speculation if it even considered this assertion.

Sally Walker, the assistant vice president of American Home Mortgage Servicing, Inc. ("AHMSI"), says that AHMSI serviced the Eckerles' loan. See Declaration of Sally Walker ¶ 5, ECF No. 40-2. According to a May 6, 2009, letter from AHMSI to Daniela Eckerle, as no payment had been made on the loan since June 2008, the note and mortgage were in default. See ECF No. 40-6; Walker Decl. ¶ 7 (indicating that Daniela Eckerle had failed to make loan payments since June 2008 and that the note and mortgage were therefore in default).

In July 2009, Sand Canyon Corporation, formerly known as Option One Mortgage Corporation, assigned the note and mortgage to Deutsche Bank National Trust Company, trustee for HSI Asset Securitization Corporation 2006-OPT3 Mortgage Pass-Through Certificates, Series 2006-OPT3. This assignment was filed in the State of Hawaii Bureau of Conveyances on July 28, 2009, as Document No. 2009-114836. See ECF No. 40-5.

On September 16, 2009, Deutsche Bank filed a Notice of Mortgagee's Foreclosure Under Power of Sale in the State of Hawaii Bureau of Conveyances as Document No. 2009-141684. See ECF No. 40-7. It appears that, at the subsequent nonjudicial foreclosure sale, Deutsche Bank purchased the property. See Mortgagee's Quitclaim Deed, ECF No. 40-8, filed in the State of Hawaii Bureau of Conveyances on November 30, 2009, as Document No. 2009-181794.

3

On December 17, 2009, Richard and Daniela Eckerle,
proceeding pro se, filed a complaint in state court.  This
complaint was amended on August 3, 2010, and was removed to this
court on August 16, 2010.  See ECF No. 1.

In relevant part, the Amended Complaint asserts that
Defendants breached a loan modification agreement by foreclosing
on the mortgaged property.  Richard Eckerle says that he
"believe[s] that there was a loan modification agreement," but
fails to describe the terms of the agreement.  See Affidavit of
Richard D. Eckerle ¶ 4, Sept. 26, 2011, ECF No. 45-1.  Richard
Eckerle, represented at the time by present counsel, testified in
his deposition that his belief that there was a loan modification
agreement was based on the exhibits attached to the Complaint.
He further testified that the only written evidence of the
purported loan modification agreement were those attachments.
See Deposition of Richard Douglas Eckerle at 116, June 28, 2011,
ECF No. 40-9.  Later in the deposition he said that, besides
those attachments, he was relying on oral agreements and other
documents that he had been unable to locate.  Id. at 262.

The first four documents attached to the Complaint and
Amended Complaint are identical.  Those documents are 1) a
November 30, 2009, letter indicating that insurance for the
property has been cancelled (Exhibit 1); 2) a September 8, 2009,
letter informing Richard Eckerle about possible alternatives to

foreclosure (Exhibit 2); 3) an October 19, 2009, letter to

Daniela Eckerle with the title "ARM CHANGE NOTIFICATION"; and 4)

a June 19, 2009, letter to Daniela Eckerle that notes that her

loan has been placed in foreclosure and that discusses possible

alternatives to the foreclosure process.  The Amended Complaint,

which was the pleading in effect at the time of Richard Eckerle's

deposition, also attaches: 5) a December 1, 2009, check for

$6,148.74; and 6) a 2009 Form 1099-A.

        In moving for summary judgment, Defendants examine the

evidence Plaintiffs rely on in asserting that there was a loan

modification agreement and contend that none of the evidence

supports a claim that there was an enforceable loan modification

agreement.  While Plaintiffs' counsel has filed an opposition

memorandum, it includes no persuasive evidence to the contrary.

III.    STANDARD.

        Summary judgment shall be granted if "the movant shows

that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a).  One of the principal purposes of summary judgment is

to identify and dispose of factually unsupported claims and

defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Accordingly, "[o]nly admissible evidence may be considered in

deciding a motion for summary judgment."  Miller v. Glenn Miller

Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006).  Summary

judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element

at trial.  See Celotex, 477 U.S. at 323.  A moving party has both

the initial burden of production and the ultimate burden of

persuasion on a motion for summary judgment.  Nissan Fire &

Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir.

2000).  The burden initially falls on the moving party to

identify for the court "those portions of the materials on file

that it believes demonstrate the absence of any genuine issue of

material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors

Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp.,

477 U.S. at 323); accord Miller, 454 F.3d at 987.  "A fact is

material if it could affect the outcome of the suit under the

governing substantive law."  Miller, 454 F.3d at 987.

        When the moving party fails to carry its initial burden

of production, "the nonmoving party has no obligation to produce

anything."  In such a case, the nonmoving party may defeat the

motion for summary judgment without producing anything.  Nissan

Fire, 210 F.3d at 1102-03.  On the other hand, when the moving

party meets its initial burden on a summary judgment motion, the

"burden then shifts to the nonmoving party to establish, beyond

the pleadings, that there is a genuine issue for trial."  Miller,

454 F.3d at 987.  This means that the nonmoving party "must do

more than simply show that there is some metaphysical doubt as to

the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

IV.     ANALYSIS.

Defendants move for summary judgment on the Amended Complaint, claiming that there is no loan modification agreement that it could be sued for having breached. See ECF No. 39. Because Plaintiffs have submitted no admissible evidence raising a genuine issue of fact as to the existence of a loan modification agreement, summary judgment is granted to Defendants

7

with respect to the claim of breach of the loan modification agreement.  As the other claims have as their underlying premise the same purported loan modification agreement, summary judgment is also granted with respect to those other claims.

At most, Plaintiffs submit Richard Eckerle's affidavit stating that he "believes" that there was a loan modification agreement.  Richard Eckerle testified that his "belief" as to the existence of the agreement was based on oral statements, the exhibits attached to the Amended Complaint, and unidentified documents that he could not locate.

The court first disregards the alleged oral statements, as Hawaii's statute of frauds, section 656-1 of the Hawaii Revised Statutes, like the statutes of frauds in most jurisdictions, requires agreements concerning real estate to be in writing.  It states, "No action shall be brought and maintained in any of the following cases: . . . [u]pon any contract for the sale of lands, tenements, or hereditaments, or of any interest in or concerning them . . . ."  Haw. Rev. Stat. § 656-1(4).

Turning then to the attachments to Plaintiffs' pleadings, the court finds nothing evidencing any agreement.  The documents are either unrelated to any loan modification, or state only that a loan modification may be a possible alternative to foreclosure.  Thus, for example, the "Important Notice Regarding

Alternatives to Foreclosure" states that "you may be eligible for certain programs that could be used to avoid a foreclosure sale and possibly bring your mortgage loan current as well."  The notice invites the borrowers to call AHMSI and warns that "[t]he foreclosure action will continue" until AHMSI determines that the borrowers are eligible for one of the alternatives "and an agreement to utilize that alternative is signed and implemented." Thus, the notice is clearly not itself a loan modification agreement.  Similarly, a letter dated June 19, 2009, lists "some of the possible solutions that we may be able to offer you that could potentially help you avoid a foreclosure sale and bring your loan current: . . . . It may be possible to modify your mortgage contract to incorporate all or a portion of your past-due amounts into the loan balance and possibly even reduce your monthly payment."  The letter warns that such a change to the mortgage "will require the prior obtaining of approval from the investor holding the loan."  Again, this is a document that speaks only of the possibility of an agreement without itself agreeing to anything.

The court is unable to address unidentified documents that Richard Eckerle says he cannot locate.  Even if there were documents establishing that Defendants did make some kind of an agreement to modify the loan, the court would not allow a claim of breach of the agreement to proceed if the terms of the

agreement were not clear.  No factfinder could find a breach of

any contract term if none of the terms themselves were certain.

Plaintiffs produce no evidence as to a modification lowering the

principal balance, the monthly payment amount, the term of the

loan, the interest rate, or any other loan provision.  Instead,

they appear to think that they may enforce an agreement whose

specific terms they do not even allege.  No law supports this

position.

Given the absence of evidence that an enforceable loan

modification agreement even existed, the court grants summary

judgment in favor of Defendants on the claim of breach of the

loan modification agreement.

As Plaintiffs conceded at the hearing that their other

claims are premised on the existence of a loan modification

agreement, summary judgment is also granted on those claims.

Plaintiffs' concession as to the factual basis of those claims

makes it unnecessary for the court to examine the sufficiency of

the pleadings or legal theories connected with those claims.

Notably, Plaintiffs' opposition memorandum does not

oppose summary judgment on these claims, instead focusing on

matters not asserted in the Amended Complaint--whether

Plaintiffs' loan was improperly transferred by Option One,

whether Defendants had legal authority to foreclose on the

property, and whether Defendants have possession of the note and

mortgage.  However, neither the Opposition nor the arguments

presented at the hearing give the court any factual or legal

basis for denying summary judgment on any of these grounds.

Richard Eckerle's affidavit, which lists these matters, is devoid

of any detail going to these matters.  As this court has noted

previously, because Plaintiffs are suing Defendants, Defendants

need not establish chain of title or their status as holders of

the note and mortgage before seeking summary judgment on

Plaintiffs' affirmative claims against Defendants.  See Williams

v. Rickard, Civ. No. 09-00535 SOM/KSC, slip op. at 12 (D. Haw.

May 25, 2011).

V.      CONCLUSION.

        Defendants' summary judgment motion is granted with

respect to all claims against them.  The Clerk of Court is

directed to enter judgment for Defendants and to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 18, 2011.



　　　　　　 /s/ Susan Oki Mollway
　　　　　　 Susan Oki Mollway
　　　　　　 Chief United States District Judge

Eckerle v. Deutsche Bank National Trust, Civ. No. 10-00474 SOM/BMK; ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENt (ECF No. 39).