IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD D. ECKERLE, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>DEUTSCHE BANK NATIONAL )<br>TRUST, as TRUSTEE FOR )<br>SECURITIZATION CORP. HSI )<br>ASSET, ET AL., )<br>)<br>Defendants. )<br>_____ ) | Civ. No. 10-00474 SOM-BMK<br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT<br>DEFENDANTS' MOTION FOR<br>ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Defendants Deutsche Bank National Trust as Trustee for HSI Asset Securitization Corporation Trust 2006-OPT3, Mortgage Pass-Through Certificates, Series 2006-OPT3 and American Home Mortgage Services, Inc.'s Motion for Attorneys' Fees and Costs (Doc. 53). After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds and recommends that Defendants' Motion be GRANTED and that Defendants be awarded $34,823.43 in attorneys' fees.[1]

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

BACKGROUND

On December 17, 2009, Plaintiffs Richard and Daniela Eckerle filed their Complaint in state court against Defendants. An Amended Complaint was filed on August 3, 2010 and was removed to this Court on August 16, 2010.

In their Amended Complaint, as noted by the district court in its various orders, "Plaintiffs . . . assert that Defendants, the lender and servicer of the loan, breached an alleged loan modification agreement by foreclosing on that property." (Doc. 48 at 1, see also Doc. 48 at 2 ("This lawsuit asserts that Defendants breached an agreement to modify the loan that was secured by a mortgage on the Eckerles' property.") and 4 ("the Amended Complaint asserts that Defendants breached a loan modification agreement by foreclosing on the mortgaged property.")) Plaintiffs also assert claims for unjust enrichment, fraud in the inducement, bank fraud, and negligent misrepresentation, all of which they "conceded [to the district court] . . . are premised on the existence of a loan modification agreement." (Doc. 48 at 10; see also Doc. 48 at 2 ("Defendants conceded at the hearing on the summary judgment motion that the other claims relate to the alleged loan modification agreement") and 8 ("the other claims have as their underlying premise the same purported loan modification agreement."))

On August 16, 2011, Defendants moved for summary judgment on Plaintiffs' claims. After holding a hearing, the district court granted summary judgment in Defendants' favor. The Court reasoned:

> Because Plaintiffs have submitted no admissible evidence raising a genuine issue of fact as to the existence of a loan modification agreement, summary judgment is granted to Defendants with respect to the claim of breach of the loan modification agreement. As the other claims have as their underlying premise the same purported loan modification agreement, summary judgment is also granted with respect to those other claims.

(Doc. 48 at 7-8.) Judgment in Defendants' favor was entered on October 18, 2011.

On October 31, 2011, Plaintiffs moved the district court to reconsider its summary judgment ruling. The district court denied that motion on November 28, 2011, stating that Plaintiffs "do not advance any justification for obtaining relief from the judgment." (Doc. 61 at 5.)

Defendants now move for attorneys' fees and costs. The Court notes that the costs sought in this Motion were awarded to Defendants on November 28, 2011. Thus, only Defendants' request for attorneys' fees is addressed below.

3

DISCUSSION

Defendants seek an award of fees pursuant to Hawaii Revised Statutes § 607-14,[2] "which provides that reasonable fees, as determined by the court, shall be taxed against the losing party 'in all actions in the nature of assumpsit.'" Blair v. Ing, 31 P.3d 184, 186 (Haw. 2001) (quoting Haw. Rev. Stat. § 607-14). "Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'" Leslie v. Estate of Tavares, 994 P.2d 1047, 1051 (Haw. 2000) (citation omitted); see Blair, 31 P.3d at 189 ( "'Assumpsit' is 'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'"). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." Blair, 31 P.3d at 189. "Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." Id.

In the Amended Complaint, Plaintiffs claim to be entitled to injunctive relief and damages arising from the breach of an alleged loan modification agreement – i.e., a contract. As the district court noted in various orders, Plaintiffs'

---

[2] Defendants alternatively seek fees pursuant to Hawaii Revised Statutes § 607-14.5. As discussed below, the Court awards fees under § 607-14, and therefore the Court does not address Defendants' argument for fees under § 607-14.5.

4

primary allegation is that Defendants "breached an alleged loan modification agreement by foreclosing on the property." (Doc. 48 at 1.) Plaintiffs' other claims of unjust enrichment, fraud in the inducement, bank fraud, and negligent misrepresentation are admittedly "premised on the existence of a loan modification agreement." (Id. at 10.) Thus, because all of the claims in the Amended Complaint arise from an alleged breach of the modification agreement, the Court finds that this action is in the nature of assumpsit.

The Court rejects Plaintiffs' argument that, "because there was no contract here," fees should not be awarded under the assumpsit statute. Although the district court ultimately found that no loan modification agreement existed, that finding does not affect whether this case is an action in assumpsit. According to the Hawaii Supreme Court, "[t]he character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." Blair, 31 P.3d at 189. Based on the allegations in the Amended Complaint, the Court finds that this action lies in assumpsit.

Having found that this action is in the nature of assumpsit, Hawaii Revised Statutes § 607-14 requires that "reasonable" fees that "shall not exceed twenty-five per cent of the judgment" be paid "by the losing party" to the prevailing party. Here, there is no dispute that Plaintiffs are "the losing party"

5

because Defendants obtained summary judgment and Judgment was entered in Defendants' favor on all claims. Thus, this Court must determine a reasonable fee to be paid to Defendants that does not exceed twenty-five percent of the Judgment.

A. Reasonable Attorneys' Fees

In a diversity case like this, Hawaii law determines the reasonableness of attorneys' fees. Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). Hawaii courts apply the "lodestar" method for determining reasonable fees. DFS Group LP v. Paiea Props, 131 P.3d 500, 505 (Haw. 2006). The Hawaii Supreme Court has defined the lodestar method as follows:

> In essence, the initial inquiry is "how many hours were spent in what manner by which attorneys." The determination of time spent in performing services "within appropriately specific categories," is followed by an estimate of its worth. "The value of an attorney's time generally is reflected in his normal billing rate." But it may be "necessary to use several different rates for the different attorneys" and the reasonable rate of compensation may differ "for different activities." And when the hourly rate reached through the foregoing analysis is applied to the actual hours worked, a "reasonably objective basis for valuing an attorney's services" is derived. The inquiry, however, does not end here, for other factors must be considered. The product of the first and second steps nevertheless serves as the "lodestar" of the ultimate fee award.
> The first of the factors to be considered for possible adjustment of the "lodestar" determination is "the contingent nature of success," a factor which may be of special significance where "the attorney has no private

> agreement that guarantees payment even if no recovery is
> obtained." The second additional factor to be examined
> "is the extent, if any, to which the quality of an attorney's
> work mandates increasing or decreasing" the "lodestar"
> figure. If the court decides an adjustment is justified on
> this basis, it "should set forth as specifically as possible
> the facts that support its conclusion."

Id. (citations, ellipses points, and brackets omitted).

### 1. Reasonable Hourly Rate

A critical inquiry in determining a reasonable attorney's fee is the reasonable hourly rate. Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The prevailing market rate in the community is indicative of a reasonable hourly rate." Id.

Defense counsels' hourly rates are reflected below:

- Paul Alston      Partner      $540/hr ($567/hr effective 1/1/2011)
- J. Blaine Rogers  Associate    $175/hr ($183.80/hr effective 1/1/2011)
- Jael E. Makagon   Associate    $178.50/hr
- David A. Abadir   Associate    $210/hr

Defendants have provided "satisfactory evidence, in addition to the affidavits of counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

In light of the attorneys' experience noted in the Affidavit of J. Blaine Rogers and given the prevailing rates for attorneys of comparable skills and reputations noted in Exhibit F (Pacific Business News 2011 Book of Lists), the Court finds these hourly rates to be reasonable.

2. Hours Reasonably Expended

"Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained." Robinson v. Plourde, 717 F. Supp. 2d 1092, 1098 (D. Haw. 2010).

Plaintiffs do not challenge the hours expended by defense counsel in this litigation. Plaintiffs only argue that (1) fees should be apportioned between assumpsit and non-assumpsit claims and (2) the Court cannot determine whether the fees will exceed twenty-five percent of the Judgment because "there was no judgment from which an award can be determined."

a. Apportionment of Fees

Plaintiffs contend that the Court should apportion fees between assumpsit and non-assumpsit claims. However, Plaintiffs admitted at the hearing on Defendants' summary judgment motion that all of their claims "are premised on

8

the existence of a loan modification agreement." (Doc. 48 at 10.) Therefore, this entire action is in the nature of assumpsit because all of the claims are inextricably linked to the underlying contract. <u>Young v. Geico Indem. Co.</u>, Civ. No. 08-00171 JMS-BMK, 2009 WL 3049640, at *6 (D. Haw. Sept. 23, 2009) ("a court may award reasonable attorneys' fees pursuant to HRS § 607-14 to a party who succeeds on a contract claim that is 'inextricably linked' to a tort claim, and decline to apportion fees"); <u>Blair</u>, 31 P.3d at 190 (awarding fees for a negligence claim under Haw. Rev. Stat. § 607-14 because "the negligence claim in this case was derived from the alleged implied contract"). Therefore, the Court finds that Defendants may recover fees incurred in defending against all of Plaintiffs' claims.

      b. Fees Shall Not Exceed 25% of the Judgment

According to Haw. Rev. Stat. § 607-14, the Court's award of fees in assumpsit cases "shall not exceed twenty-five per cent of the judgment." Under Hawaii law, "[t]he amount on which the fees are to be assessed is dependent on who obtains the judgment – the judgment amount (exclusive of costs) if plaintiff or counterclaimant prevails, and <u>the amount sued for if the defendant</u> or counterclaimee <u>wins</u>." <u>Rodrigues v. Chan</u>, 705 P.2d 67, 71 (Haw. Ct. App. 1985) (emphases added). Thus, this Court's award of attorneys' fees shall not exceed

twenty-five percent of the amount Plaintiffs sued for.  Contrary to Plaintiffs' assertion, the amount of judgment is irrelevant when the defendant prevails.  Id.

Plaintiffs' Amended Complaint alleges that they entered into a mortgage in October 2005.  The amount of the adjustable rate note was $780,000. (Doc. 48 at 2.)  Plaintiffs claim that they subsequently modified that loan and that Defendants breached that loan modification agreement.  Plaintiffs' Amended Complaint prays for, among other things, damages, punitive damages, and restitution.  Inasmuch as Plaintiffs' entire action is based on an alleged violation of a modification to the original loan, which was in the amount of $780,000, the Court must limit the award of fees to twenty-five percent of that amount. Rodrigues, 705 P.2d at 71; Haw. Rev. Stat. § 607-14.

Based on defense counsels' reasonable hourly rates and the reasonable time they spent defending successfully against Plaintiffs' claims, the Court recommends that Defendants be awarded all of their fees:  $34,823.43.  This amount constitutes only 4.5% of the amount of Plaintiffs' mortgage and is therefore awardable under Haw. Rev. Stat. § 607-14.

CONCLUSION

For the foregoing reasons, the Court finds and recommends that Defendants' Motion for Attorneys' Fees and Costs be GRANTED and that Defendants be awarded $34,823.43 in attorneys' fees.

Any objection to this Court's findings and recommendations shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

DATED: Honolulu, Hawaii, February 18, 2012.

IT IS SO FOUND AND RECOMMENDED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Eckerle, et al. v. Deutsche Bank National Trust, et al., Civ. No. 10-00474 SOM-BMK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS.